LAND, J.
This is an action for $6,000 as damages for personal injuries sustained by the plaintiff while a passenger on one of the defendant’s freight trains. The petition alleges that the train, with the exception of the locomotive, was derailed, and the caboose in which petitioner was riding was violently thrown forward, and then turned across the track at right angles. The petition further alleges that the accident was occasioned by bad equipment, poor track, defective rails and trestles, and the negligence of the defendant, its officers and employes.
The petition further alleges that the petitioner was thrown violently forward against the locker of the caboose; that other passengers therein were hurled with great force against him, thereby severely bruising petitioner about the head, shoulders, hij), and thigh, and permanently injuring the sciatic nerve of his left leg.
Defendant, after pleading the general issue, further answered as follows:
“Defendant admits that the plaintiff was a passenger on the caboose of a freight train belonging to the defendant company, which was derailed and overturned near Goodbee Station, La., on the 24th day of February, 1910, but defendant avers that the plaintiff suffered no material damage or injury by said accident; that such injuries as he received were very slight and inconsequential; and that the plaintiff has entirely recovered therefrom.”
The case was tried without a jury, and judgment was rendered in favor of the plaintiff for $1,000 and costs.
As the answer admitted the contract of carriage and a violation of the contract on the part of the defendant, the only question before the court was the quantum of damages to be awarded to the plaintiff for the breach of the contract. The burden is on the defendant to show that the inexecution of the contract on his part was occasioned “by a fortuitous event or irresistible force.” C. O. art. 1933, No. 2.
“Those accidents are said to be caused by superior force, which human prudence can neither foresee nor prevent.” C. C. art. 3556, No. 14.
“Fortuitous event is that which happens by a cause which we cannot resist.” Id. No. 15.
[1] The defense adduced evidence to prove that the accident was unavoidable. The conductor and the engineer testified that the track and equipment were apparently in good condition, but they did not know the cause of the wreck. The section foreman testified that the track was in first-class condition, and that he surfaced it a few days before the accident, but made no rail inspection. Such evidence is wholly insufficient to prove an unavoidable accident, or one which human prudence can neither foresee nor prevent.
The real issue in this case is the extent of the injuries sustained by the plaintiff.
[2] Dr. Singleterry, witness for the plaintiff, deposed as follows;
“I visited Mr. A. D. Brannon in Ms home in Denham Springs, La., by request of Mr. Whaley, on March 24 or 25, 1910. He was suffering from sciatica of the left leg.”
In answer to a question as to the nature and extent of plaintiff’s injuries, the witness replied, “No injuries.”
Dr. Fridge, another witness for the plaintiff, deposed that he examined D. A. Bran-non on November 1, 1910, and found his trouble to be chronic sciatica in the left hip joint; and there was considerable adhesion *919 of the muscles surrounding this joint, movement of the joint being limited thereby, and upon flexing the joint forcibly it gave him great pain.
Plaintiff testified that his physical condition before the accident was good, and that since he has continually suffered pain in his left hip joint. Another witness corroborated the plaintiff as to his physical condition before the accident.
Dr. Gauthreaux, witness for the defense, testified that he carefully examined D. A. Brannon in September, 1910, and found nothing wrong with his sciatic nerve, and no adhesion around the hip, but an adhesion in the knee, which prevented the extension of the leg straight out. The witness attributed the adhesion in the knee to the fact that Brannon (as he said) was in the habit of holding his right knee rigid. Dr. Kostmayor testified that he assisted Dr. Gauthreaux in the examination of Brannon, and that they found no injury of any kind to the left leg; no adhesion of the muscles around the hip joint. The witness could not answer as to the knee joint, but said that pain might be caused by adhesion there. On cross-examination, the witness admitted that he could not state absolutely if there was any suffering from or injury to the sciatic nerve.
Dr. Minden, another witness for the defense, testified that he had treated Brannon for eight days for injuries supposed to be-due to the railroad accident; that he saw no external bruises, but Brannon complained of pains in his thigh, leg, and shoulder; that Brannon seemed to have got well, but complained of pain- in his thigh, and seemed every day to get worse. Dr. Minden could not find any condition in the thigh that would account for the pain complained of by the plaintiff.
The conductor testified that a few minutes after the accident the plaintiff said that his hurts amounted to nothing.
Dr. Gauthreaux examined Brannon on the day of the accident. Brannon, using a pine board as a stick, walked about a block and a half, and then upstairs to Dr. Gauthreaux’s office. He complained of his shoulder, back, and thigh. The surgeon examined him, but found no bruises, and prescribed a local application.
Dr. Gauthreaux again examined Brannon in September, 1910, as above stated, and found nothing the matter with him, except a slight stiffness of the knee joint.
Brannon testified in rebuttal that he suffered pain during the last examination made by Dr. Gauthreaux, and that under the advice of Dr. Singleterry he had used his left leg as much as possible.
Sciatica is defined as neuralgia of the sciatic nerve, and, in a popular sense, any painful affection of the hip or adjoining parts. Webster’s Int. Diet. Verb.
Dr. Singleterry found no physical injury, and does not inform us whether the sciatica referred to by him was neuralgic or otherwise. Dr. Fridge found considerable adhesion of the muscles surrounding the hip joint, and was of opinion that the trouble was ohronio sciatica. Neither witness stated that the conditions found by them could have been produced by the railroad accident. On the other hand, the defendant’s two medical experts found no adhesion of the muscles around the hip joint, and seem to have demonstrated this fact by the experiments they made. The lay mind can understand that such an adhesion would cause rigidity of the leg; and two surgeons found that the left leg was as flexible at the hip joint as the right leg. The chief surgeon, however, found a slight adhesion around the knee joint, which he did not attribute to the accident, but to the fact that Brannon had, in walking, constantly held his knee rigidly. The surgeon testified that such was the state *921 ment made to him by Brannon, and the latter does not contradict him on this point.
We think it probable from all the facts and circumstances of the case that the plaintiff received some physical injury as the result of the accident in question, but are of opinion that the damages awarded are excessive.
It is therefore ordered that the judgment below be amended by reducing the amount from $1,000 to $250, and that, as thus amended, said judgment be affirmed; plaintiff and appellee to pay costs of appeal.
MONROE, J., concurs.