## THE FLEISCHMAN CO. v. SEELING

(December 10, 1928. Opinion and Decree.)

Henry A. Cooper and A. M. Suthon, of New Orleans, attorneys for defendant, appellant.

James J. Landry, of New Orleans, attorney for plaintiff, appellee.

JANVIER, J. ad hoc. On April 23, 1927, at about 6:15 a. m., there was an automobile collision between the car driven by defendant and one driven by the chauffeur of plaintiff company. This accident occurred at the corner of Palmyra and Dupre Streets. Plaintiff's truck had been parked on the lower right side of Palmyra Street, a short distance from and facing towards the corner of Dupre Street. Defendant was driving on Palmyra Street in the opposite direction and it was his intention to turn to the left into Dupre Street. Shortly before he reached the corner and when his automobile was probably fifteen or twenty feet from the corner, he turned from the right side of the street to the left side, and was just commencing to make a left hand turn into Dupre Street when the two automobiles met in collision. Defendant admits that he had violated the ordinance and that he was making a short left hand turn instead of a long one and that he had crossed to the left side of the street at the time of the collision, but he contends that just before the collision he was temporarily blinded by a flash of the early morning sun on his windshield, and that the driver of the other automobile had ample time to see that his car was in its path and to avoid him.

392

In making this defense, Seeling must assume the burden of proving the contributory negligence of the other driver. He himself was in the wrong and he can escape liability only by showing that in spite of his negligence the accident could have been avoided had the other party to it exercised proper care and caution. We do not believe that he has successfully borne this burden. The other party was where he had a right to be, and so far as we can ascertain from the record, was driving with reasonable care and prudence. If Seeling had crossed to the wrong side of the street at any great distance from the scene of the accident, and if he had been driving in the path of plaintiff's automobile for any great length of time, the situation, in our judgment, would be different. But the evidence leaves us of the opinion that he had crossed into that path only a very few feet before the collision, and we do not feel that, under the circumstances, plaintiff company's driver can be held to have been negligent in not stopping within this very short distance.

As to the damage sustained, we believe that the amount allowed by the trial Judge will fully compensate plaintiff and is correct. As we read the evidence, the bill for labor and for making the repairs amounted to $38.00 and the bill for parts amounted to $20.00. This would make a total of $58.00. In addition to this, plaintiff company was required to rent another car for two and one-half days at $10.00 a day, so that on this item their loss amounted to $25.00.

There is some dispute as to whether the repairs which were made were all necessitated by the collision, but we believe the proof is fairly with plaintiff on this point.

For these reasons the judgment appealed from is affirmed.