LIVAUDAIS v. BLACK

_____

(March 24, 1930. Opinion and Decree.)
(May 5, 1930. Rehearing Refused.)

_____

Lemle, Moreno & Lemle, of New Orleans, attorneys for plaintiffs, appellants.

P. M. Milner, of New Orleans, attorney for defendant, appellee.

HIGGINS, J. This is a suit by the father and mother for the benefit of their minor daughter, age 18 years, to recover damages for personal injuries which she is alleged to have suffered while a passenger in the automobile of defendant on July 30, 1927. Defendant denied liability and pleaded contributory negligence. The jury rendered a verdict in favor of defendant, and judgment was entered dismissing the suit. Plaintiffs have appealed.

The petition alleges that on July 30, 1927, plaintiffs' minor daughter was a passenger in the defendant's automobile, and while proceeding up St. Charles avenue at 10:15 p. m. at a point between Philip and First streets, the automobile ran upon the neutral ground and struck a tree with great force causing serious and permanent injuries to the young lady. The general charge of negligence is that the defendant failed to keep a proper lookout and to carefully look where he was driving.

Defendant denied that he was guilty of negligence in failing to keep a proper lookout and watch where he was driving and alleged that from time to time he has suffered spells which have caused him to lose his sight temporarily, and that just before the accident he suddenly went blind, and therefore the accident was unavoidable. Defendant further pleaded contributory negligence on the following grounds:

First. That plaintiffs' daughter had been informed by defendant that he was subject to blind spells, and that she was guil-

ty of negligence in riding alone with him under the circumstances, and

Second. That plaintiffs' daughter also knew that defendant had been drinking alcoholic liquor and did not protest against him drinking the liquor or driving the car, but was riding alone with the defendant with full knowledge of his condition at the time of the accident, and therefore was guilty of contributory negligence.

It is the contention of plaintiffs that this case falls in the category of the doctrine of res ipsa loquitur, and, plaintiffs having established the fact that their daughter was a passenger in the car, and that the accident occurred, that the burden of proving himself free from negligence was upon the defendant, and that defendant also bore the burden of proving by a preponderance of the evidence that plaintiffs' daughter was guilty of contributory negligence. Plaintiffs further contend that, even if defendant did suddenly become blind, the record shows that he was at fault in contributing to and in bringing on this condition by indulging in drinking alcoholic liquor excessively; and that, in order to bar recovery on the ground of vis major, defendant must show that he was free from fault and negligence, and that the accident resulted entirely from means beyond his control.

Defendant admits that he would be liable even for a fortuitous event or an act of God if he were guilty of negligence which would be the proximate cause of the damage or injury; and further admits that the burden of proof is upon himself to prove himself free from fault and negligence, and that the plaintiffs' daughter was guilty of contributory negligence, but contends that the evidence establishes both of these defenses successfully; and that,

as there is only a question of fact involved the verdict of the jury should not be disturbed unless manifestly erroneous.

The following authorities clearly show that this case falls within the doctrine of res ipsa loquitur.

Lykiardopoulo vs. Railway Company, 127 La. 309, 53 So. 575, Ann. Cas. 1912A, 976; Dotson vs. Louisiana Central Lumber Co., 144 La. 85, 80 So. 205, where plaintiff's husband lost his life through a fire in defendant's saw mill; White vs. Maison Blanche Co., 142 La. 265, 76 So. 708; Weikel vs. Caddo Transfer Co., 5 La. App. 146, where an automobile left the road and struck a telephone pole; Stokes vs. Saltonstall, 13 Pet. 181, 10 L. Ed. 115, where a stage coach left the road and turned over and injured plaintiff, and quoted with approval in Sweeney vs. Erving, 228 U. S. 233, 33 S. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914D, 905, where plaintiff's husband lost his life through a fire in defendant's saw mill; Rowland vs. Caddo Transfer Co., 5 La. App. 157, where an automobile left the road and struck a telephone pole.

The law is likewise clear to the effect that, although one is not responsible when damage is caused by an unforeseen accident, or an accident which he could not guard against, as when it arises from a vis major, he is responsible when he is chargeable with negligence and fault which is the proximate cause of the injury or damage. Fleischman Co. vs. Seeling, 9 La. App. 391, 119 So. 287; Patton vs. Pickles, 50 La. Ann. 857, 24 So. 290; Delisle vs. Bourriague, 105 La. 77, 29 So. 731, 54 L. R. A. 420; Hebert vs. Lake Charles Ice, Light & Waterworks Co., 111 La. 522, 35 So. 731, 64 L.R.A. 101, 100 Am. St. Rep. 505; National Rice Milling Co. vs. New Orleans & N. E. R. Co. et al., 132 La. 615, 61 So. 708, Ann. Cas. 1914D, 1099; and Slater vs. Railway, 29 S. C. 96, 6 S. E. 936.

This court in the case of Holden vs. Toye Bros., 1 La. App. 521, in the syllabus said:

"A fortuitous event or act of God, the consequences of which could reasonably have been anticipated and averted by ordinary care and prudence will not relieve defendant from responsibility for the result of his negligence. Brannon v. Yazoo & Mississippi Valley Railroad Co., 129 La. 916, 57 So. 172."

The law is also clear that, where the defendant pleads contributory negligence, the burden of establishing this special defense is upon the defendant. Cusimano vs. New Orleans Public Service, Inc. (La. Sup.) 126 So. _____, decided March 5, 1930. See, also, Le Blanc vs. Sweet, 107 La. 355, 31 So. 766, 90 Am. St. Rep. 303; Spurlock vs. Traction Co., 118 La. 1, 42 So. 575; Hopkins vs. New Orleans Railway & Light Co., 150 La. 61, 90 So. 512, 19 A. L. R. 1362.

Now it is clear, if the accident occurred solely as a result of the defendant suddenly going blind, due to defective vision brought on by systemic infection or organic disorder, without the alcoholic liquor, which the defendant had drunk in any way contributing to this condition, the plaintiffs could not recover, as the case would fall fairly in the category of vis major. If the accident resulted solely from the negligence and carelessness of the defendant in not keeping a proper lookout and observing where he was driving, whether he was drunk or sober would make no difference, and the plaintiffs would be entitled to recover, provided plaintiffs' daughter was not guilty of contributory negligence. If the accident resulted from the defendant suddenly becoming blind as a result of drinking alcoholic liquor, which, he was advised by his doctors, would tend to produce such a condition, then the defendant would be at fault, and plaintiffs would be entitled to recover, provided their daughter was not guilty of contributory negligence in riding with the defendant when she knew or ought to have known that he had drunk enough intoxicating liquor to interfere with his prudent and careful driving of the automobile, or if she knew or should have known that the defendant was subject to blind spells which might be brought on as a result of drinking alcoholic stimulants.

The record shows that the defendant, a young man of twenty-five years of age, had been calling upon plaintiffs' daughter, age 18 years, and had frequently taken her out for a period of about three months before the accident. She admits that she knew that defendant had suffered spells of blindness or blurred vision during the year 1924 and had read to him on several occasions when he called at her home because his eyes were weak, but both defendant and the young lady were of the opinion that he had been cured of these spells of temporary blindness.

On the evening in question three couples, including defendant and the daughter of plaintiffs, met at the home of a mutual friend where the defendant drank some cocktails and also drank apricot brandy which he had brought in a pint bottle with him. The party was then arranged, and at the suggestion of defendant they stopped at a road house on Jackson avenue in the city of New Orleans. This place consisted of two rooms which were separated by a curtain, one room being used as a restaurant and the other room as a saloon or soft drink stand. Each member of the party was served with two bottles of beer, except Miss West, who did not drink any beer, and plaintiffs' daughter, who drank only a half bottle of beer.

It appears that the defendant drank two bottles of beer and frequently left the restaurant proper and went into the saloon. He also produced a drink of whisky which was offered to one of the young ladies which she refused to drink. All of the party then went out of the road house to the sidewalk, but defendant returned on the pretense of getting some cigarettes. He remained in the place so long that the other parties became impatient and sent one of the young men to bring him out. This young man found the defendant in the saloon proper and requested him to come out as the other parties were waiting for him. Defendant said all right that he would come out, but he did not do so. After waiting a while the plaintiffs' daughter suggested that she would drive defendant's car around the block, and that, if he were told that she was driving his car, he would come out, because he did not want anyone to drive his machine. Another young man in the party then went in after the defendant and found him in the saloon proper and told him about the young lady driving his car, and it was then that the defendant came out. Defendant then entered his car and drove it out Jackson avenue to St. Charles avenue, and thence up the avenue to the point where the accident occurred. Plaintiffs' daughter was driving alone with the defendant, and the other couples were in another car. It appears that defendant was operating his car at a lawful rate of speed, but suddenly, at about the point where the accident occurred, the automobile left the roadway, ran upon the neutral ground, and struck a tree with great force, causing serious injuries to both defendant and plaintiffs' daughter, who were immediately removed by the other couples in the other automobile to the Touro Infirmary on Prytania street. Both the defendant and plaintiffs' daughter were rendered unconscious by the impact and injuries they sustained, but defendant was revived just before he reached the hospital. He objected to going into the hospital, insisting that he was all right, and when in the hospital he cursed and abused the doctors who tried to administer to his injuries, insisting that he was not hurt and did not need any attention. He also talked in such a loud and boisterous manner that the doctors refused to permit defendant's sister to go into the room where he was being treated.

Defendant introduced considerable evidence to show that he had suffered from blind spells and blurred vision on three occasions during the year of 1924 for which he consulted doctors, and a slight blurred spell during the year of 1926, but for which he did not consult a physician. He thought that he had been cured of these spells, and obtained a driver's license in accordance with the ordinance of the city of New Orleans, stating that his vision was not defective. In the final analysis to say whether or not the defendant went temporarily blind just before the accident, and that his blindness was the proximate cause of the accident, would require us to accept only the statement of the defendant that he suffered such a spell. But, conceding that the accident was not caused solely and only by defendant suddenly becoming blind through no fault of his own, and that the accident resulted either from the defendant suddenly becoming blind as a result of overindulgence in intoxicating liquor when he knew that taking such stimulants would cause or tend to cause the return of these spells, or that the accident occurred as a result of the negligence and carelessness of the defendant due to the fact that he operated

the car in a reckless and careless manner from too freely indulging in alcoholic liquor, we pass to a consideration of the defenses raised by the plea of contributory negligence.

The evidence shows that plaintiffs' daughter is an intelligent and well-educated young lady of eighteen years of age. She had had enough experience in life to discern when one was sober or under the influence of liquor. She was old enough to fully appreciate the danger and risk of driving alone with a young man who had overindulged in intoxicating liquor. She admits that she had been told by the defendant that he had had these spells during the year of 1924, and that he had to be careful not to overstrain his eyes because she had read to him on several occasions when he called at her home. As a reasonably prudent person she knew or should have known that indulging in excessive drinking would tend to interfere with the defendant's vision and might tend to cause the return of the blind or blurred spells. In any event, she knew or ought to have known that the defendant's excessive drinking would at least make him negligent and careless in operating his automobile, and that he would not operate it as a prudent, careful, and sober person would do.

But counsel for plaintiffs contend that, at the time the young lady entered the automobile with the defendant, he did not appear to be intoxicated or under the influence of liquor to such an extent that it might tend to interfere with him in the proper and careful operation of his car. We are unable to agree with the learned counsel, because it appears that defendant had been drinking in the early afternoon; that he had gone home and went to bed; that he joined the party about 9 o'clock and brought a pint bottle containing apricot brandy with him. In addition to this he drank some cocktails at the home of the mutual friend from where the party started; that when he went to the saloon or road house that he drank two bottles of beer and some whisky. His action in leaving the party in the restaurant and frequently going into the saloon proper and his conduct in leaving the party on the sidewalk and going back into the saloon and in having the two young men at separate times go into the saloon to get him, but only being successful after they used the ruse of having the plaintiffs' daughter drive his car, was sufficient in our opinion to have placed her on her guard that the defendant was not sober. His actions appear to us to have been sufficient to indicate to any prudent person that the alcoholic stimulants that he had imbibed were having their effect upon him, otherwise he would not have been guilty of such strange conduct. He appears to have been a young man of education and refinement, and certainly he would not have done such an eccentric, discourteous, or unusual thing had he been entirely sober. It also seems clear that the plaintiffs' daughter had a full and sufficient opportunity of observing the young man's conduct, and had sufficient opportunity or chance to have been placed on her guard. After they were in the automobile defendant drove the car several blocks before the accident occurred, and she must have engaged defendant in con-

350

versation from the time they left the saloon until the time they reached St. Charles avenue. She testified that she did not protest against defendant driving the car or ask him to let her out of it. She, therefore, was guilty of contributory negligence in riding in an automobile alone with a driver whose conduct clearly indicated that he was under the influence of liquor before she entered his car. Jones v. Pacific Gas & Electric Co. (Cal. App.) 285 P. 709. We are further corroborated in this belief because of the unusual conduct of the defendant in refusing to go into the hospital where he was taken immediately after the accident and in abusing and cursing the doctors and refusing to permit them to administer treatment to him.

The plaintiffs in this case have had the benefit, and this court the assistance, of very able counsel. Their cause has been most skillfully and thoroughly presented in oral argument and in brief with the result that in determining the issue adversely to them we have the satisfaction of realizing that they have had their case presented to us in its most favorable aspect.

However, the evidence convinces us that the plaintiffs' daughter was guilty of contributory negligence which bars plaintiffs' recovery.

For the reasons assigned, the judgment appealed from is affirmed.