TATE, Judge.
At daylight, on May 27, 1954, a car was discovered upside down in a canal alongside the Airline Highway near Sorrento, with only the wheels sticking out of the water. When the car was pulled from the canal, *95 the bodies of two men were discovered in the car, identified as those of Carl Swilley and Ray Draper. The car belonged to Carl Swilley, to whom defendant insurer had issued an automobile liability policy.
This damage suit is by Draper’s widow by a second marriage, and also by his children by his first marriage appearing herein through their mother, now remarried (Mrs. Larkin). After trial, the District Court awarded plaintiffs the policy limits. Defendant urges reversal chiefly on the ground that its liability below was based upon the doctrine of res ipsa loquitur, which defendant argues should not be applied to the facts of this case.
The Airline Highway at the place and time of the accident consisted of two concrete-surfaced lanes. At the time of the accident, dirt was dumped alongside the west side of the highway for the roadbed base of an intended additional two lanes. It had been raining through the night, and the dirt shoulders were soft and muddy.
The uncontradicted testimony shows that the death car had made tracks 118 feet in length southward along the west shoulder, had then crossed the highway at a 45° angle, hit the other shoulder, then had come to rest 25 feet from the east (its left) edge of the road upside down in a canal, its front end pointing back towards the highway. The tracks showed that the entire southbound car had gone off the west lane of the highway onto the west (its right) shoulder (the left wheels being 2-3' inside said shoulder; the tracks 3-4" deep), before skidding back across the highway, onto the other shoulder, and into the canal.
The investigating State Trooper testified that when the car was righted and dragged from the canal, “Swilley was under the wheel, in other words, at the wheel leaning with his head towards the door * * *, the driver’s door”, and “Draper was kind of slumped up underneath the dashboard of the right side of the seat,” Tr-31-32.
The men’s wrist watches had stopped at about 2:30, so the accident is presumed to have occurred at 2:30 A.M. that morning. There were no witnesses to the accident. The whereabouts of the two men between 5:00 P.M. the previous day and the time of the accident is unexplained and unknown.
The District Court correctly found that the preponderance of the evidence indicated Swilley was driving his car at the time of the accident, based upon the State Trooper’s uncontradicted testimony of the position of the bodies following the accident and also upon Mrs. Swilley’s testimony that during the several years’ duration of close business and personal association between Swilley and Draper, including frequent joint occupancy of Swilley’s car, to her knowledge Draper had driven Swilley’s automobile only once, in 1949, trying out a new vehicle.
Having found that Swilley was driving the automobile, which was thus under his management and control, the District Court found that the evidence made out “a prima facie case of negligence' and want of ordinary care”, and applied the doctrine of res ipsa loquitur. “There being no known witnesses other than the two decedents, the defendant herein could offer no explanation to overcome the presumption of negligence chargeable to the insured.” Therefore, recovery was allowed to plaintiffs.
In the comprehensive article by a leading Louisiana tort authority, Professor Wex S. Malone, “Res Ipsa Loquitur and Proof by Inference — A Discussion of the Louisiana cases”, 4 La. Law Review 70, upon which defendant’s argument is in large part based, the rule is summarized:
“It is commonly stated that two conditions must be met before the doctrine can apply. First, the accident must be one that ordinarily would not occur in the absence of negligence,” 4 La. Law Review 76. “A second requirement * * * is commonly *96 said that res ipsa loquitur is not available unless it is shown that the defendant was in exclusive control of the agency that caused the injury,” 4 La. Law Review 80.
When the inference of negligence on the part of the defendant arises by reason of application of the doctrine of res ipsa loquitur to a case, “the burden is then on the defendant to show absence of negligence on his part,” Northwestern Mutual Fire Association v. Allain, 226 La. 788, 77 So.2d 395, at pages 396-397, or “to exculpate himself from negligence,” Saunders v. Walker, 229 La. 426, 86 So.2d 89, at page 93; Watkins v. Gulf Refining Company, 206 La. 942, 20 So.2d 273.
Able counsel for defendant argues that the District Court erred in applying the doctrine of res ipsa loquitur, since (1) the doctrine is inapplicable when the plaintiff is in as good a position as the defendant to explain the cause of the accident; (2) “the mere fact of a car leaving the road” does not make out a case of prima facie negligence, and the doctrine of res ipsa loquitur is inapplicable in almost all automobile accident cases, including this type.
Despite arguments similar to those advanced by defendant herein, the doctrine of res ipsa loquitur was successfully invoked in the following suits by injured passengers (or their survivors) against the driver (or his liability insurer) of a car which left the road for unexplained causes. Bourg v. Aetna Casualty & Surety Company, La.App. 1 Cir., 77 So.2d 131; Fetterly v. McNeely, La.App., 1 Cir., 77 So.2d 757; Pearce v. United States F. & G. Co., La.App., 8 So.2d 743; Harrelson v. McCook, La.App., 198 So. 532; Galbraith v. Dreyfus, La.App., 162 So. 246; Gomer v. Anding, La.App. 1 Cir., 146 So. 704, 705; Monkhouse v. Johns, La.App., 142 So. 347; Livaudais v. Black, 13 La.App. 345, 127 So. 129; and Hamburger v. Katz, 10 La.App. 215, 120 So. 391. (In the Bourg and Livaudais cases recovery was denied on the ground of the passenger’s contributory negligence; as to which herein there is no evidence at all.)
It is to be noted that the Bourg driver, either by reason of intoxication at the time of the accident or subsequent lapse of memory, had no more information as to the circumstances of the accident accessible to him and his liability insurer than there is on behalf of the unfortunate deceased driver in the present case. (Cf., the Gomer case, where the driver could not remember how the accident happened.)
In support of its first argument, defendant relies upon such frequently found statements as: “ ‘The doctrine of “res ipsa loquitur” applies in cases where, by reason of the fact of the happening of the accident, the defendant is in a' better position to explain its occurrence than the plaintiff,’ ” Loprestie v. Roy Motors, 191 La. 239, 185 So. 11, at page 13. In the cited case, the Supreme Court reversed the lower courts’ sustention of an exception of no cause of action.
In the law review article above cit.ed, Professor Malone observes that due to the Louisiana courts’ use of the doctrine as a rule of pleading in deciding an exception of no cause of action filed to the petition,
“ * * * in sustaining the pleadings, the courts have emphasized that the outstanding reason for a resort to res ipsa loquitur lies in the fact that the defendant has superior knowledge. This is a valid observation in determining the sufficiency of the pleadings, but it leads only to confusion when used with reference to the final determination of the dispute. The writer suggests that the same doctrine cannot be used to test the sufficiency of both the pleadings and the evidence,” 4 La. Law Review 94.
Counsel for plaintiffs suggest, correctly in our opinion, that the phrase that the doctrine applies when “the evidence as to the true explanation of the accident is more readily accessible to the defendant *97 than to the plaintiff”, Northwestern Mutual Fire Association v. Allain, 226 La. 788, 77 So.2d 395, at page 397, is most often used as a corollary explanation of why the defendant who has control of the instrumentality should be called upon to explain the occurrence of the accident. It also perhaps should be observed that the word “defendant” in the context of this phrase refers to the alleged tort-feasor'or automobile driver (i. e., in this case, Swilley), although sometimes it may have been loosely used in the process of quotation or paraphrase in cases- involving the liability insurer or survivors as defendant, rather than the tort-feasor himself; and simply means that the driver (rather than a passenger or third party) best knows or should know whether or not he swerved or nodded or inattentively steered off the edge of the pavement, etc. — why his vehicle .left the highway.
Defendant further points out that Professor Malone in the above-cited article comments that “in no field of law is the doctrine of res ipsa loquitur likely to be more inappropriate”' than in automobile accident cases, 4 La. Law Review 101, and that many of the cases relied upon by plaintiffs herein are in a group denoted as having “misleading” dicta to the effect than an injured automobile passenger may rely “in virtually any sort of mishap” upon the doctrine of res ipsa loquitur, although the cases actually disclosed detailed evidence of negligence or were such that “carelessness on the part of the driver could readily be inferred,” 4 La.Law Review 105.
The group of cases thus cited by Professor Malone as applying the doctrine all involve vehicles which unexpectedly left the highway; but the crux of this eminent professor’s criticism of these cases, as we apprehend it, is not that they applied the doctrine of res- ipsa loquitur, but that they contained “broad statements entirely by way of dicta to the effect that a. passenger in a private automobile who is injured in virtually any sort of a mishap can rely upon the doctrine,” 4 La. Law Review 105. (Italics ours.)[1]
Defendant cites Hebert v. General Accident Fire & Life Assurance Corp., Ltd., La.App., 48 So.2d 107, Monroe v. D’Aunoy, La.App., 143 So. 716, and Siren v. Montague, La.App., 142 So. 196, in support of its second argument that the mere fact that the automobile herein left the highway does not justify the inference of negligence.
The latter two cases simply held that under the particular facts thereof, when it was determined that the driver was otherwise careful, the mere fact of skidding did not justify the inference of negligence, since the skidding in those particular cases might have occurred without fault. Cf. Harrelson v. McCook, La.App., 198 So. 532, distinguishing such cases and itself applying the doctrine of res ipsa loquitur to a passenger’s suit arising from an accident, the physical Circumstances of■ which were somewhat similar to the present.
The Hebert case refused to apply the doctrine in a suit by a guest passenger wife against her husband’s insurer, when their car swerved off the road and into,a ditch. The chief ground for this refusal was that the evidence was as accessible to the wife-passenger as to the husband-driver, since she testified that she was alert and paying attention to the driving .and “that there was nothing her husband did that might have caused the accident,” 48 So.2d 109. The Orleans Court felt the doctrine would have applied if the passenger were asleep *98 or reading or “for some other proper reason was not aware of what was going on.” It was further held, upon review of the facts, that in any case the husband-driver was not negligent under the circumstances of that case.
Some of the language and the holding of this case upon which defendant relies may be valid in the context of the particular facts thereof, where the plaintiff passenger was available to testify and did testify herself, rebutting much of the inference of negligence to which the unexplained plunge off the roadway might otherwise justifiably give rise; bat it is not applicable to the facts of the present case. For like reasons, neither is Gershner v. Gulf Refining Company, La.App. 1 Cir., 171 So. 399, cited to us by defendant.
As Professor Malone’s article extensively cited above makes plain, the Latin phrase (or “doctrine”) of “res ipsa loqui-tur” simply' means: the thing (accident) speaks for itself. The negligent act is deduced or inferred from the fact of the accident itself, whereas “most accidents tell us only that there has been a mishap; they afford no indication as to where the responsibility should be placed”, 4 La. Law Review 75. In these latter instances, the legal conclusion that given conduct was actionable negligence is deduced or inferred from the facts surrounding the accident, rather than from the accident itself.
A presumption (or probability) of negligence may be posed by the plaintiff’s testimony either of the accident itself or of certain facts surrounding the accident, but in either event it is open to defendant to rebut same — that is, to present evidence as to facts from which it may be inferred or deduced that defendant’s conduct cannot be considered the sole legal proximate cause of the accident in question. If defendant fails to do so, in either event, plaintiff has borne his burden of proving by a preponderance of the evidence that defendant’s negligent conduct was the actionable cause of the injuries received.
For instance in this case, the tracks tell the entire story. Our common sense tells us that ordinarily a carefully driven automobile does not ride the shoulder of the road when conditions are such as this for a distance of one hundred and eighteen feet and then swerve off diagonally across the ■ road and into a djtch. The most plausible explanation seems to be that the driver was going.too fast or that he did not have his car under proper control. The tracks establish the probability of negligence, and this is all that the law requires in order to conclude that the plaintiff has made out his case. The plaintiff had to persuade; he succeeded in persuading. The tracks plus our common sense tell the whole story. The plaintiff has borne his burden of preponderently proving defendant’s actionable negligence, and it is incumbent upon defendant to rebut this presumption or conclusion in order to defeat recovery. The defendant failed to do so.
We think the District Court correctly applied the principle of res ipsa loquitur under the facts of the present case, and accordingly find no error in the judgment complained of.
For the above and foregoing reasons, the District Court judgment herein is affirmed.
Affirmed.

. We further note that Professor Malone states elsewhere in his article, 4 La. Law Review 101, citing cases involving bystanders or owners of property adjacent the highway as plaintiffs: “In only one type of automobile accident has res ipsa loquitur been applied with appre-eiable consistency. When a vehicle leaves the highway and strikes a pedestrian on the sidewalk or crashed into property adjoining the road, the courts quite properly are prepared to draw an inference of negligence from the occurrence.”