Rockingham,
No. 4847.

DONALD E. SAVARD, *Ex'r v.* ANTHONY J. RANDALL, JR.

Argued February 7, 1961.
Decided April 4, 1961.

*James J. Kalled* and *Frederic L. Cox* (*Mr. Cox* orally), for the plaintiff.

*Burns, Bryant & Hinchey* and *Lawrence E. Spellman* (*Mr. Spellman* orally), for the defendant.

WHEELER, J. The exceptions briefed and argued here are to the failure of the Court to instruct the jury on the provisions of RSA 250:1 (seasonably turning to the right upon meeting a vehicle coming in the opposite direction), to the Court's failure to withdraw the issue of plaintiff's contributory negligence from the jury, and to instructing the jury on the emergency doctrine.

There was evidence from which it could be found that on the day of the accident the plaintiff was operating his motor vehicle in a southerly direction and the defendant in a northerly direction. The weather was clear and there was evidence that the road was dry. The collision occurred about midway of a straight stretch of road of some one thousand feet. Soon after the plaintiff's motor vehicle came into defendant's view, it made a sudden turn to its left and came across the highway to the defendant's side and proceeded toward the defendant with its wheels partly on the pavement and partly on the shoulder. Defendant Randall describes his reaction to this situation in the following language: "Well, when he came across the road down along the shoulder I thought he was going to

turn off on the dirt road there," and "He hadn't reached the road but when he came down I mean to the point that I didn't think he was going to turn I started to swing left." When defendant turned left, plaintiff swung his car to the right. Randall turned back to his right and plaintiff swung back to the left and collided with the Randall car. The collision occurred in the center of the highway, and when the cars came to rest the defendant's vehicle was on its side of the highway and the Savard vehicle was on an angle across the center line and partly in the Randall lane.

The decedent Savard's testimony was introduced by deposition in . which he said that prior to the accident he "blanked out." In describing it he testified as follows: "Q. What do you mean by blanking out? A. Well, just getting off the road and not knowing where I was for . . . Q. You might have gone to sleep then? Do you mean that? A. I couldn't have. I wouldn't say I had gone to sleep because I hadn't been driving long enough and I had had a good night's sleep and all that stuff and no reason why I should go to sleep."

The plaintiff claims to have regained consciousness prior to the collision and discovered he was on the wrong side of the road with the Randall vehicle approaching. In this situation he testified: "When I saw that I was on the wrong side of the road I started to remedy the situation by trying to get back on my side of the road." According to the plaintiff's testimony, a matter of two to three seconds elapsed after he started to turn right before the vehicles collided.

The Court submitted the question of plaintiff's contributory negligence to the jury as well as plaintiff's physical condition immediately preceding the accident and on this point instructed the jury in substance that if plaintiff had a physical condition which caused him to become unconscious he would not be chargeable with contributory negligence unless he knew or, in the exercise of due care, should have known of his condition.

The plaintiff contends that the issue of his contributory negligence was improperly submitted to the jury, on the theory that " . . . one who is unconscious during the commission of an act cannot be held to have been negligent . . . . "

It is true that by the great weight of authority a motor vehicle operator who suddenly becomes unconscious from an unforeseen cause cannot be charged with negligence. See anno. 28 A. L. R. 2d 12, 35; 5A Am. Jur. 365. But where such operator goes to sleep,

this may be evidence of negligence from which the jury, upon consideration of all the facts, including the fact that sleep does not ordinarily come upon one without some prior warning, could find the operator negligent. 5A Am. Jur. 364; 28 A. L. R. 2d 12, 45; *Bushnell* v. *Bushnell,* 103 Conn. 583; *Gilbert* v. *Joyal,* 89 N. H. 557.

On all the evidence it was findable that the accident was due either to plaintiff's carelessness or to his loss of consciousness due to falling asleep or by a sudden fainting spell. The jury did not have to accept the plaintiff's claim that he "blanked out" from an unexpected seizure. On the contrary, the evidence warranted a finding that he was inattentive or fell asleep. The jury could find that he regained consciousness prior to the collision and that he was negligent in then turning across the defendant's lane of travel. The question of plaintiff's contributory negligence was properly submitted to the jury. *Lagasse* v. *Laporte,* 95 N. H. 92.

The plaintiff further contends that it was error to submit the emergency doctrine to the jury since the defendant's own negligence created the emergency. As the plaintiff's car approached on its wrong side of the road with its wheels partly on the shoulder and partly on the paved surface, the defendant could properly assume, as he did, that the plaintiff was going to make a left turn into a side road. When defendant realized that the plaintiff was continuing on a straight course, he started to swing left to avoid an accident. At this point the plaintiff swung his vehicle to the right and a collision occurred. According to the plaintiff's own testimony, not more than three seconds elapsed between the time he turned right and the vehicles collided. We think the evidence warranted a finding that Randall was faced with a sudden, unexpected danger not created by his own negligence, and it was proper to submit the emergency doctrine to the jury. *Kardasinski* v. *Koford,* 88 N. H. 444, 446; *Herndon* v. *Moore,* 95 N. H. 272.

Finally, the plaintiff excepted to the Court's failure to submit the provisions of RSA 250:1 to the jury. The evidence in the record and the circumstances of this case would not permit a finding that the defendant crossed the center line and there was therefore no occasion to submit to the jury the issue of the defendant's violation of statutes pertaining thereto.

*Judgment for the defendant.*

All concurred.