### WILFRED J. CARON *v.* NEVIO GUILIANO

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 140308

Memorandum filed June 17, 1965

*Arthur R. Moor* and *F. Owen Eagan,* of Hartford, for the plaintiff.

*Howard, Kohn, Sprague & Fitzgerald,* of Hartford, for the defendant.

COTTER, J. The jury returned a verdict for the defendant. The plaintiff rejected amounts offered

in settlement and preferred to have the jury decide the issues. He cannot now complain since the choice was freely made with full knowledge of what the consequences might be even though counsel prudently recommended the settlements offered to the plaintiff.

The defendant operator testified that while driving on Broad Street in Hartford, on his way home from work, he suddenly felt dizzy and lost control of his car due to this physical condition, causing it to cross the street into the path of the plaintiff's automobile. There must be some negligence or fault on the part of the defendant to hold him liable for any injuries incurred. If the evidence shows that the collision was accidental and not due to negligence, no liability is imposed. An accident which one could not have reasonably been expected to prevent or foresee or which under all the circumstances, using reasonable care, one could not avoid, may be called an inevitable one. Such an "unavoidable or inevitable accident... occurs when the... [disaster] happens from natural causes, without negligence or fault on either side." 7 Am. Jur. 2d 896, Automobiles and Highway Traffic, § 350, n.7; 3 Am. Jur. Pl. & Pr. Forms, No. 3:156:1 (Sup. 1965).

It was the jury's function to determine the credibility of the witnesses and decide whether or not Guiliano was stricken suddenly by a fainting spell and was thus unable to control his automobile. Unforeseeable fainting or momentary loss of consciousness while driving is a defense in a case of this nature. "Negligence is not to be imputed to the driver of an automobile merely because he suddenly blacks out, faints, or suffers a sudden attack, losing consciousness or control of the car, when he is without premonition or warning of his condition." 8 Am. Jur. 2d 245, Automobiles and Highway Traffic,

§ 693, n.17; see *Baker* v. *Hausman,* 68 So. 2d 572, 573. There was no evidence to indicate that Guiliano knew he was subject to spells of dizziness in the course of which he was likely to lose control of his vehicle.

The plaintiff elected a jury trial. The jury must decide these questions of fact, and the court cannot disturb the verdict of the jury merely because they resolved the disputed issues in favor of the defendant. *Desmarais* v. *Pinto,* 147 Conn. 109, 110.

The motion is denied.