209 So.2d 576 (1967)
George H. DEASON, Plaintiff-Appellee,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant.
No. 2285.
Court of Appeal of Louisiana, Third Circuit.
December 29, 1967.
E. C. Hamilton, Lake Charles, for plaintiff-appellee.
*577 Stockwell, St. Dizier, Sievert & Viccellio, by, Fred H. Sievert, Jr., Lake Charles, for defendant-appellant.
Before FRUGÉ, SAVOY and LEAR, JJ.
SAVOY, Judge.
This is an action ex delicto instituted by plaintiff against defendant as the insurer of an automobile owned and operated by Allen Andrew Laughlin for a money judgment resulting from an accident in which a car driven by Laughlin struck a parked automobile owned by plaintiff.
On the date of the accident Laughlin was driving his car in an easterly direction on U. S. Highway 90. While traveling at a lawful rate of speed his car veered to the left side of said highway then ran off the highway, scraped a tree, and then rolled into the rear of plaintiff's vehicle which was parked approximately seventy feet off the highway. Shortly thereafter Laughlin was found dead at the wheel.
Dr. Charles White, Parish Coroner, performed an autopsy and determined that Laughlin died from an acute myocardial infarction (a heart attack).
Dr. George K. Barrett, Laughlin's personal physician since 1957, stated that he had never treated Laughlin for a heart condition. This testimony was corroborated by Laughlin's widow. She and Laughlin had been married for 41 years, and she stated that her husband had never been treated for a heart condition.
After a trial on the merits, the city judge, in a written opinion, found that Laughlin died from a heart attack which rendered him unconscious, thus causing the accident in the instant case. He found the accident to be unavoidable. He concluded that Laughlin supplied the necessary fault required under LSA-C.C. Article 2315 to hold defendant answerable in damages to plaintiff by placing an automobile, "a dangerous instrumentality", in motion on the highways of this State, and granted plaintiff judgment against defendant for $225.00.
Defendant has appealed to this Court.
In brief and in oral argument counsel for defendant concedes that the issue presented to this Court has never been decided by any appellate court in this State.
LSA-C.C. Article 2315 provides in part:
"Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; * * *."
In order to affirm the trial court judgment, this Court must find some fault on the part of Laughlin.
The weight of authority in the United States is that an operator of a motor vehicle who, while driving, suddenly loses consciousness from an unforeseen cause, and is unable to control the vehicle, is not chargeable with negligence. Stated differently, sudden or momentary loss of consciousness while driving is a complete defense to an action based on negligence if such loss of consciousness was not foreseeable. Freifield v. Hennessy, 3 Cir., 353 F.2d 97; Livaudais v. Black, 13 La.App. 345, 127 So. 129; Malcolm v. Patrick, 147 So.2d 188, (Fla.App., 1962); Caron v. Guiliano, 26 Conn. 44, 211 A.2d 705, (Conn.1965); Tropical Exterminators, Inc. v. Murray, 171 So.2d 432, (Fla. App., 1965); First City National Bank of Houston v. Japhet, Tex.Civ.App., 390 S.W. 2d 70, (1965); Kaiser v. Suburban Transportation System, 65 Wash.2d 461, 398 P.2d 14, 401 P.2d 350; Shirks Motor Express v. Oxenham, 204 Md. 626, 106 A.2d 46; Carroll v. Bouley, 338 Mass. 625, 156 N.E.2d 687, (1959); Dickinson v. Koenig, 242 Miss. 17, 133 So.2d 721, (1961); Reece v. Reed, 326 S.W.2d 67, (Mo.1959); Savard v. Randall, 103 N.H. 234, 169 A.2d 276, (1961); Lehman v. Haynam, 164 Ohio St. 595, 133 N.E.2d 97; Whelpley v. Frye, 199 Or. 530, 263 P.2d 295, (1953); Boyleston v. Baxley, 243 S.C. 281, 133 S.E.2d 796, (1963); Keller v. Wonn, 140 W.Va. 860, 87 S.E.2d 453, (1955); 28 A.L.R.2d 35, Section 15; 8 Am. *578 Jur.2d 244, Section 693; Gambino v. Lubel, (La.App., 4 Cir., 1966), 190 So.2d 152.
While the accident was very unfortunate and plaintiff was an innocent bystander, we conclude that the accident was unavoidable and that there was no negligence or fault on the part of Laughlin. Consequently, the trial judge was in error in allowing plaintiff to recover in this action.
For the reasons assigned the judgment of the trial court is reversed, and judgment is hereby rendered in favor of defendant, State Farm Mutual Automobile Insurance Company, and against plaintiff, George H. Deason, rejecting his demands and dismissing his suit at his costs in the lower court and on this appeal.
Reversed.