351 So.2d 204 (1977)
Charles A. MARTINO
v.
AETNA CASUALTY AND SURETY COMPANY.
No. 8361 Consolidated with No. 8362.
Court of Appeal of Louisiana, Fourth Circuit.
October 12, 1977.
Rehearing Denied November 10, 1977.
Orlando G. Bendana, New Orleans, for plaintiff-appellee.
Lemle, Kelleher, Kohlmeyer & Matthews, Paul B. Deal, New Orleans, for defendant-appellant.
Before STOULIG, BOUTALL and SCHOTT, JJ.
STOULIG, Judge.
This is an appeal from a judgment awarding Charles A. Martino $1,500 against Aetna Casualty and Surety Company,[1] and its insured, Mrs. Lena Bevan, surviving widow of William R. Bevan.
On June 8, 1974, Martino was injured when the late William Bevan lost control of his moving vehicle and struck the parked car belonging to Joseph T. Carriles. At the moment of impact Martino was leaning into the passenger window of the parked Carriles car conversing with its driver-owner. Bevan at the time was having what ultimately proved to be a fatal heart attack.
We reverse. Liability for damage under C.C. art. 2315 is based on an act of negligent omission or commission. When a driver suddenly loses consciousness while operating a motor vehicle, he is not negligent unless the loss of consciousness was foreseeable. Deason v. State Farm Mutual Automobile Ins. Co., 209 So.2d 576 (La. App.3d Cir. 1967); Dull v. Employers Liability Assurance Corp., 233 So.2d 43 (La. App.2d Cir. 1970). As Deason points out, this is an affirmative defense that requires the one urging it to prove it. C.C.P. art. 1005. Where it has been demonstrated that drivers have had prior blackout experience from epileptic convulsion,[2] alcoholism[3] or *205 diabetes,[4] for example, the courts have found negligence based on foreseeability.
In this case defendants have sustained the defense of loss of consciousness. On the morning of the accident, Mr. and Mrs. Bevan had breakfast at a pancake house and were en route home when Mrs. Bevan noticed their car moving toward a parked car less than one-fourth block away. By the time she shouted a warning to her husband, the impact occurred and she then looked to the driver's side and noticed her husband unconscious with his head against the driver window. Her attempt to revive him at the scene with mouth-to-mouth resuscitation failed.
An autopsy was performed and the coroner concluded his death was attributed to "arteriosclerotic heart disease, severe" with pulmonary congestion and edema.
His widow's information as to the state of his heart condition has little probative value because she said her husband shielded her from information about his health. However, the unrebutted testimony of Dr. Robert R. Burch, his treating physician from March 1966 to the date of death, clearly establishes Bevan could not reasonably foresee he would black out while driving because of his heart condition and that his loss of consciousness followed the onset of his attack almost simultaneously.
Dr. Burch, an internist with a subspecialty in cardiovascular disease, testified Bevan suffered with arteriosclerotic disease for which he had been treating him since 1966. None of the medications prescribed for this condition would have caused the blackout. Although Dr. Burch gave Bevan certain instructions because of his heart condition, he permitted the decedent to continue his employment as a general yard master for the Illinois Central Railroad. He testified he did not advise Bevan to stop driving because his condition did not warrant it. Dr. Burch gave Bevan a routine checkup two days before his death,[5] found him progressing well and noted there was no lung congestion. Even though the autopsy protocol indicated pulmonary edema, the absence of fluid two days before was one factor that led Dr. Burch to state the attack and loss of consciousness was sudden and almost simultaneous in all probability.
Mrs. Bevan testified her husband did not complain, utter any sound, or give any indication of having a heart attack. Apparently he just slumped against the door. Dr. Burch stated if the deceased was having congestive heart failure prior to the accident he would have experienced shortness of breath, a cough and perhaps pain. Further he testified that an acute infarction would be accompanied by pain. In his opinion, being upset because of an accident could cause angina pains but not a myocardial infarction and a trauma to any other part of the body except the heart muscle would likewise not precipitate a myocardial infarction. Based on the coroner's examination and report it was his expert opinion that the attack was sudden and apparently was an acute congestive heart failure.
While it is unfortunate that the non-negligent plaintiff sustains a loss, absent a finding of negligence it cannot be assessed against defendants.
For the reasons assigned, the judgment appealed from is reversed. All costs are to be borne by appellee.
REVERSED.
NOTES
[1] Erroneously designated as Aetna Life and Casualty Company by the pleadings.
[2] Reliance Insurance Company v. Dickens, 279 So.2d 234 (La.App.2d Cir. 1973).
[3] Livaudais v. Black, 13 La.App. 345, 127 So. 129 (2d Cir. 1930).
[4] Gambino v. Lubel, 190 So.2d 152 (La.App. 4th Cir. 1966).
[5] The checkup was on June 6, 1974 and the accident occurred on June 8, 1974.