68 So.2d 572 (1953)
BAKER et ux.
v.
HAUSMAN.
Supreme Court of Florida. Division A.
December 11, 1953.
William K. Chester, West Palm Beach, for appellants.
Wilson Sanders, Sanders, McEwan & Berson, Orlando, for appellee.
TERRELL, Justice.
Appellant Helen Y. Baker sued appellee to recover damages for personal injuries resulting from an automobile accident in which appellant was the guest of appellee. John L. Baker, husband of Helen Y. Baker, joined his wife in the suit claiming damages for loss of her consortium and companionship, including the cost of medicine and doctors' bills. A motion to dismiss the complaint was granted, final judgment was entered for defendant and the plaintiffs appealed.
The only point for determination is whether or not the complaint stated a cause of action under the guest statute, Section 320.59, F.S.A.
The complaint alleges in substance that appellant and appellee undertook a journey from Vero to Avon Park, Florida, in appellee's automobile, appellant being the guest of appellee. Soon after they left Vero appellant detected that appellee was not well and asked that she (appellant) be permitted to drive but that her request was declined. Still later appellee increased her speed and then began to veer from one side of the road to the other. Appellant again requested that she be permitted to drive or that appellee stop the car but her request *573 was again denied. The complaint further alleges that as appellant was reproaching appellee for her disregard of safety she (appellee) "appeared to suffer some type of physical attack or stroke" and allowed the automobile to run off the road, thence back across the road three times and came to rest in a ditch causing great bodily pain and permanent injury to appellant.
One may be grossly negligent in driving an automobile while ill or weak, depending on the degree of the illness. From the complaint in this case it appears that defendant was ill but as to how ill until she suffered an "attack or stroke" and lost control of the car, is not shown. Neither is it alleged what speed she was traveling at the time of accident except "over the speed limit." What constitutes the speed limit is a flexible term and may mean a very modest speed when passing a school where children are playing and crossing the road, but on the unobstructed highway a very different rate of travel would be permissible.
In jurisdictions where the courts have been confronted with the question they have generally held that negligence, much less gross negligence or wanton misconduct will not be imputed to one who suddenly "blacks out", faints or suffers a sudden "attack or stroke," loses consciousness and control of his car causing injury to himself or his guest without premonition or warning of his condition. Antonen v. Swanson, S.D., 48 N.W.2d 161, 28 A.L.R.2d 1; Thayer v. Thayer, 286 Mich. 273, 282 N.W. 145; Armstrong v. Cook, 250 Mich. 180, 229 N.W. 433; Cohen v. Petty, 62 App.D.C. 187, 65 F.2d 820; 4 Blashfield, Cyclopedia of Automobile Law, 471.
The complaint does not reveal premonition of an impending "attack or stroke" or sudden unconsciousness. There is showing that defendant was not "feeling well" and that shortly before the accident she drove the car back and forth across the road and into the ditch, but that does not show premonition of a stroke. Neither are the allegations of the complaint sufficient to show that defendant was so ill as to be incapable of driving. It is alleged that she looked ill but that is far from showing that she was incapable of driving. For these reasons we feel impelled to join the trial court in holding complaint insufficient to charge gross negligence or wanton and wilful misconduct as contemplated by the guest statute.
The judgment appealed from is accordingly affirmed.
Affirmed.
ROBERTS, C.J., and SEBRING and MATHEWS, JJ., concur.