79 So.2d 679 (1955)
Mildred BRIDGES, Appellant,
v.
Daisy B. SPEER, as Administratrix of the Estate of Vivian A. Speer, Deceased, Appellee.
Supreme Court of Florida. En Banc.
April 20, 1955.
Rehearing Denied May 13, 1955.
*680 George A. Speer, Jr., Sanford, for appellant.
J. Thomas Gurney, Orlando, for appellee.
DREW, Justice.
This appeal is from a final judgment entered in favor of the appellee after the lower court dismissed appellant's second amended complaint on the grounds that it failed to state a cause of action for gross negligence under the guest statute, Section 320.59, F.S. 1951, F.S.A.
We think the complaint sufficiently alleged gross and wanton negligence. First, we think that type of conduct clearly appears from the allegations in the complaint that "said Daisy B. Speer did drive and operate said Speer automobile at a high rate of speed with her eyesight defective and impaired to the extent that she could not drive said Speer automobile safely at said high rate of speed she was driving, as aforesaid, in that her eyesight was poor, her perception of distance bad to the extent that she could not safely judge distances and in that she saw objects double at times, all of which she well knew or had reason to know and should have known and as the sole proximate cause of her driving with defective and impaired vision to the extent aforesaid, said Daisy B. Speer did then and there drive said Speer automobile without reducing the speed thereof" off the road to the right and into a car making a right turn resulting in injury to plaintiff passenger.
*681 Our cases fully sustain this conclusion. In Baker v. Hausman, Fla., 1953, 68 So.2d 572, 573, in upholding a judgment dismissing a complaint for failure to state a cause of action, we said, in speaking of physical impairment in such cases, "in jurisdictions where the courts have been confronted with the question they have generally held that negligence, much less gross negligence or wanton misconduct will not be imputed to one who suddenly `blacks out', faints or suffers a sudden `attack or stroke,' loses consciousness and control of his car causing injury to himself or his guest without premonition or warning of his condition." (Italics added.) And we held in Bryan v. Bryan, Fla., 1952, 59 So.2d 513, 514, that a driver was not guilty of wanton misconduct when he fell asleep at the wheel of an automobile unless he "knew, or should have known, that he was in no condition to drive an automobile." (Italics added.) But in Johnson v. State, 148 Fla. 510, 4 So.2d 671, 672, where the driver knew what his condition of stupor was because he had just prior to the accident fallen asleep in a place where he stopped, we observed that the driver also knew that he was in no condition to drive and knew that his subsequent conduct in operating the vehicle "endangered the lives of all people traveling on such highway", and we held that the driver's conduct justified a conviction of manslaughter, and that such a defendant "cannot escape the responsibility by averring that he fell asleep and did not realize that he had hit and killed an unfortunate human being who was entirely without fault."
The opinion in the last cited case and the general trend of the cases point up the fact that the pivot upon which the question turns is knowledge of one's unfitness to drive. It is not even simple negligence if one has a sudden attack, loses control of his car and causes an accident if he had no premonition or warning. In such event the very foundation of negligence  knowledge and hence foreseeability  is absent. Our cases seem to hold, however, that where one has notice or knowledge of the existence of a physical impairment which may come on suddenly and destroy his power to control an automobile, it is negligence to an extreme degree for such person to operate such vehicle. It is a moral certainty that when such event occurs some one, either the operator, or his guest, or innocent bystanders or operators of other vehicles, may be killed or injured. In this day and age when automobiles are killing and maiming untold thousands of people, one who operates such an instrument of death on a highway under such conditions is simply playing Russian roulette  not alone with his life  but also with the lives of others. In our judgment, such conduct constitutes gross and wanton negligence.
Moreover, we think that the allegation in the complaint that the said "Daisy B. Speer did drive said Speer automobile at a rate of speed over sixty miles per hour off the paved portion of said highway onto the sand and grass shoulder thereof in an attempt to pass to the right of another automobile proceeding in the same direction and proceeding lawfully and with due care to make a right turn into an intersecting road, without any lawful reason or excusable emergency, and in so doing collided with said other automobile and ran violently into a ditch embankment, whereby, as a proximate cause of the aforesaid collision, the sole proximate cause of the aforesaid gross negligence of said Daisy B. Speer," the plaintiff was seriously injured, states negligence which is greater than simple negligence and is conduct of the nature condemned by the guest statute, namely conduct of a character which is gross and wanton. We think almost every driver of an automobile on the public highways of this State would say that for one to leave the paved portion of a public highway and drive on the shoulder of the road to the right of a vehicle going in the same direction in an attempt to pass that vehicle was gross and wanton negligence in the absence of a lawful reason or excusable emergency. It is the kind of conduct that even the reckless driver would not intentionally be guilty of.
*682 From the very beginning, the courts have encountered great difficulty in attempts to define any clear and distinct line to separate simple negligence from gross negligence. The difficulty is inherent in the question itself because it relates to different degrees of similar conduct. Perhaps no rule can ever be devised which will definitely separate one from the other. It is a simple matter accurately to separate black and white objects but it is difficult, if not impossible, accurately to separate different hues of gray. We think the rule which would more nearly solve the problem than any other would be one which recognized that simple negligence is that course of conduct which a reasonable and prudent man would know might possibly result in injury to persons or property whereas gross negligence is that course of conduct which a reasonable and prudent man would know would probably and most likely result in injury to persons or property. To put it another way, if the course of conduct is such that the likelihood of injury to other persons or property is known by the actor to be imminent or "clear and present" that negligence is gross, whereas other negligence would be simple negligence.
This likelihood of injury to other persons is established sufficiently to show conduct more culpable than mere simple negligence where the defendant drives an automobile into a highway and into the path of on-coming traffic without first looking, Nelson v. McMillan, 1942, 151 Fla. 847, 10 So.2d 565; Motes v. Crosby, Fla., 1953, 65 So.2d 478; or drives rapidly around a curve to the left of the center of the road where vision is obstructed failing to observe other vehicles, Wharton v. Day, 1942, 151 Fla. 772, 10 So.2d 417; or drives along a highway at night knowing that he is sleepy and in a condition of stupor, Johnson v. State, supra; or drives a car with tires known to have been worn smooth along a slippery highway at high speed, Shams v. Saportas, 152 Fla. 48, 10 So.2d 715, 716. In the latter case we said, speaking through Mr. Justice Thomas, after reference to the rate of speed, slickness of the road and smoothness of the tires, that "disaster might well have been anticipated if the driver lost control." (Emphasis supplied.)
The allegations of fact in the instant case describe conduct which is clearly as culpable as that held sufficient in the last cited cases to be gross and wanton misconduct.
For the foregoing reasons we think the complaint was sufficient to withstand a motion to dismiss and to entitle the plaintiff to have her case tried by a jury.
Reversed.
TERRELL, SEBRING, HOBSON and ROBERTS, JJ., concur.
MATHEWS, C.J., and THOMAS, J., dissent.