171 So.2d 432 (1965)
TROPICAL EXTERMINATORS, INC., Appellant,
v.
Vivian Moree MURRAY and Jesse Milton Murray, Appellees.
No. 4660.
District Court of Appeal of Florida. Second District.
January 13, 1965.
On Denial of Rehearing February 12, 1965.
Kirk Sullivan, of Sullivan & Robinson, West Palm Beach, for appellant.
Alan R. Schwartz, of Nichols, Gaither, Beckham, Colson & Spence, Miami, for appellees.
SHANNON, Judge.
The defendant, Tropical Exterminators, Inc., a Florida corporation, takes an appeal from a summary judgment entered in favor of the plaintiffs on the issue of liability in a personal injury case.
The parties were approaching each other on a highway when the automobile driven *433 by an employee of appellant suddenly turned directly into the path of the plaintiffs' automobile causing an accident. The plaintiffs filed a complaint alleging negligence, which the defendants denied in their answer. In a deposition the appellant's employee stated he could recollect nothing after entering the highway until someone was picking him up off the ground after the collision. From the employee's testimony it appears that he suffered a sudden blackout or loss of consciousness.
It is well settled that negligence is not chargeable against the operator of a motor vehicle who, while driving, suffers a sudden loss of consciousness from an unforeseen cause. Malcolm v. Patrick, Fla. App. 1962, 147 So.2d 188; Williams v. Frohock, Fla.App. 1959, 114 So.2d 221; Bridges v. Speer, Fla. 1955, 79 So.2d 679; and Baker v. Hausman, Fla. 1953, 68 So.2d 572. The particular question presented by this case is whether this is an affirmative defense which must be asserted in the pleadings. The defendants did not raise it as an affirmative defense and the lower court entered a summary judgment for the plaintiffs. The appellant contends that evidence of a sudden loss of consciousness goes to the general issue of negligence and that this issue was properly raised in the answer which generally denied any negligence. We think that these contentions are properly founded.
In Bridges v. Speer, supra, the Florida Supreme Court stated:
"It is not even simple negligence if one has a sudden attack, loses control of his car and causes an accident if he had no premonition or warning. In such event the very foundation of negligence  knowledge and hence foreseeability  is absent."
Rule 1.8(d), Florida Rules of Civil Procedure, 30 F.S.A., provides:

"Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim, or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation."
The defense with which we are concerned is not listed in this rule but of course this does not negate the possibility that it is an affirmative defense. However, the defenses listed there seem to have one thing in common. They don't deny the facts of the opposing party's claim, but they raise some new matter which defeats the opposite party's otherwise apparently valid claim.
As can be observed from the Supreme Court's statement in Bridges v. Speer, supra, which statement was quoted in Malcolm v. Patrick, supra, there is no negligence when an accident is caused by a sudden unforeseeable loss of consciousness. Thus a general denial of negligence as set forth by the defendant in the case on review is sufficient to put this defense in issue.
In Sirmons v. Pittman, Fla.App. 1962, 138 So.2d 765, the question presented was whether "unavoidable accident" was a defense which must be asserted affirmatively. The court stated:
"The phrase `unavoidable accident', as related to the question of liability in tort actions involving damages to person or property, is somewhat of a misnomer. When a casualty occurs as a result of matters beyond the knowledge, actual or implied, of the person *434 charged, and over which he has no control, he is relieved of liability for the simple reason that he is not guilty of actionable negligence; otherwise stated, the element of proximate cause is lacking because there is no causal connection between his acts and the damages sustained. * * *"
"* * * In some jurisdictions the party relying on such defense must affirmatively plead it. Whatever the desirability of such a rule, it has not been promulgated in this state."
The similarity between "unavoidable accident" and a sudden unforeseeable loss of consciousness is apparent. Although this doctrine is not conclusive as applied to the present case, it is persuasive and leads us to hold that a sudden unforeseeable loss of consciousness is not an affirmative defense.
The appellee further contends that the record did not raise this issue in any manner whatsoever and so the lower court was precluded from considering it in ruling upon the motion for summary judgment. The record, especially the defendant-employee's deposition, shows that this contention cannot be sustained. The order granting the summary judgment is reversed.
Reversed.
ALLEN, Acting C.J., concurs.
DRIVER, B.J., Associate Judge, dissents.
DRIVER, B.J., Associate Judge (dissenting).
I would affirm the lower Court's ruling granting the summary judgment. The office of pleading is to delineate the issues to be tried in a lawsuit. The defense of "sudden blackout" is an issue of fact and frequently decisive in nature. This defense goes beyond a general denial of no negligence and, in effect, allows a defendant to avoid the consequences of what would otherwise be negligence by claiming that he was afflicted by an unexpected "sudden blackout," and as such is a "matter constituting avoidance." Rule 1.8(d), Florida Rules of Civil Procedure. Authority for this conclusion is found in Williams v. Frohock, Fla.App. 1959, 114 So.2d 221, wherein it is stated:
"That a driver may be excused from a charge of negligence or gross negligence where he `suddenly blacks out', faints or suffers a sudden `attack or stroke,' loses consciousness and control of his car, causing injury to himself or his guest without premonition or warning of his condition." (Emphasis supplied.)
See also Bridges v. Speer, Fla. 1955, 79 So.2d 679.
A litigant and the courts ought not to be left to the processes of discovery to ascertain the issues to be tried, but one relying upon the defense of "sudden blackout" should declare his defenses as explicitly as the plaintiff declares his grounds for relief. To hold otherwise invites strong probabilities of a plaintiff being "bushwacked" at trial.

ON PETITION FOR REHEARING
SHANNON, Judge.
The appellee has filed a petition for rehearing, which is hereby denied. The appellee has also requested a clarification as to whether there must be a new trial on liability and damages or, as the appellee urges, on liability alone. The appellee cites Larrabee v. Capeletti Bros., Inc., Fla. App. 1963, 158 So.2d 540, in which the trial judge granted a new trial only on the issue of liability, and the appellate court affirmed. The appellate court adopted the lower court's opinion which stated, in part: "* * a new trial may be limited to the question of liability when it is clear that the course *435 can be pursued without confusion, inconvenience, or prejudice to the rights of any party." This statement summarizes the considerations relevant to our decision. We do not think the present case falls within these guide lines. Our opinion is amended so as to remand the case for a new trial on both liability and damages.
ALLEN, Acting C.J., and DRIVER, B.J., Associate Judge, concur.