FRANK D. UPCHURCH, Jr., Judge.
The Gandys filed suit against E. R. Outlaw and her insurance carrier seeking to recover for losses sustained when Mrs. Outlaw’s vehicle rear-ended Gandy’s vehicle. Both sides stipulated that Mrs. Outlaw lost consciousness immediately prior to the impact and that such loss of consciousness was unforeseeable. The trial court entered summary judgment in favor of Mrs. Outlaw and her insurance carrier. We affirm.
Under Baker v. Hausman, 68 So.2d 572 (Fla.1953), and its progeny, the unforeseeable loss of consciousness while driving is a complete defense to the charge of negligence and gross negligence. While acknowledging that the trial court’s entry of a final summary judgment was proper under Baker, the Gandys nevertheless assert that liability should be placed upon Mrs. Outlaw claiming that she was the “least innocent” of two innocent parties. The Gandys have requested this court to revisit the existing law and either reverse the lower tribunal’s ruling or certify the issue as one of great public importance.[1]
We are not disposed to reverse the trial court. See Hoffman v. Jones, 280 So.2d 431 (Fla.1973). Further, we do not believe the question is one of great public importance and therefore decline to certify it as requested. While we have great sympathy for the Gandys, we cannot conclude there is any reason to change a rational rule of law. If Mrs. Outlaw could not anticipate, foresee, or prevent the accident, we can urge no reason to impose liability upon her. As the supreme court observed in Bridges v. Speer, 79 So.2d 679 (Fla.1955):
It is not even simple negligence if one has a sudden attack, loses control of his car and causes an accident if he had no premonition or warning. In such event the very foundation of negligence — knowledge and hence foreseeability — is absent. (emphasis added)
AFFIRMED.
SHARP and COWART, JJ., concur.

. Fla.R.App.P. 9.125.