430 So.2d 541 (1983)
Otis K. WIGGINS, a/K/a Otis K. Wiggins, a/K/a O.K. Wiggins, Appellant,
v.
PORTMAY CORPORATION, a Florida Corporation, Appellee.
No. AL-365.
District Court of Appeal of Florida, First District.
April 27, 1983.
Ray L. Wilson, Jacksonville, for appellant.
No appearance for appellee.
MILLS, Judge.
Wiggins appeals the trial court's order granting summary judgment in favor of Portmay. Because there are genuine issues of material fact, we reverse the order and remand for trial on the merits.
On 30 October 1981, Portmay filed suit against Wiggins, alleging that the corporation had loaned him $11,350 for which repayment was sought. Wiggins answered, denying generally the allegations contained in the complaint. Portmay subsequently moved for summary judgment.
In support of its motion, Portmay filed an affidavit made by the president of the corporation, *542 Abe Fletcher. In that affidavit, Fletcher alleged that he was the president of Portmay Corporation, that he had full and complete charge of the records relating to the debt owed by Wiggins, and that he was familiar with the facts of the case. The record shows that the checks which were given to Wiggins were all signed by Fletcher.
Wiggins filed an affidavit in opposition to the motion for summary judgment. He stated in the affidavit that he had received $10,000 from Portmay as an advancement from the sale of a parcel of real estate and that he had received the remaining $1,350 as payment for services rendered.
The trial court awarded summary judgment to Portmay. In the final order, the court found that Portmay's affidavit complied with Rule 1.510(e), Florida Rules of Civil Procedure. It further found that the matters recited in Wiggins' affidavit constituted affirmative defenses and that, as such, they had been waived by Wiggins' failure to raise them in his answer.
While we agree that Portmay's affidavit was sufficient under Rule 1.510(e), we cannot agree that an award of summary judgment was appropriate in this case.
If the matters set forth in Wiggins' affidavit were affirmative defenses, they could not be raised by way of affidavit in opposition to a motion for summary judgment. Wingreen Company v. Montgomery Ward & Co., Inc., 171 So.2d 408 (Fla. 3d DCA 1965). However, these matters do not constitute affirmative defenses.
Affirmative defenses do not simply deny the facts of the opposing party's claim. They raise some new matter which defeats an otherwise apparently valid claim. Tropical Exterminators, Inc. v. Murray, 171 So.2d 432 (Fla. 2d DCA 1965). Paragraph two of the complaint alleged that Wiggins was indebted to Portmay. Wiggins denied any indebtedness in both his answer and in his affidavit. The matters raised in Wiggins' affidavit simply denied the facts contained in Portmay's complaint and did not raise any new matters to defeat Portmay's claim.
Because the pleadings show the existence of genuine issues of material fact, we reverse the order appealed and remand the cause for trial.
JOANOS and THOMPSON, JJ., concur.