NESBITT, Judge.
The seller appeals from an order entering summary judgment in favor of a broker for his real estate commission. We reverse.
Gatt entered into a multiple listing agreement with a broker under which the broker was to find a ready, willing and able purchaser for Gatt’s property in exchange for a commission of six per cent of the sales price. A prospective purchaser signed a contract for purchase and sale. One of the terms of the contract was that the purchaser had the option to avoid the contract and receive reimbursement of his deposit if the roof and termite inspections indicated that repairs and/or termite eradication would cost in excess of three per cent of the purchase price.
The closing was set for November 1, 1981 at which time the inspections were not available. Subsequently, the prospective purchaser requested return of his deposit because the closing had not taken place. Gatt’s attorney responded that there was an understanding that the closing would be delayed to await the reports from the roof and termite inspections. When the reports were finally obtained, it became apparent that the repairs would be in excess of three per cent. On this basis, the purchaser notified Gatt’s attorney that he was exercising his option to have his deposit returned.
The broker instituted this action against Gatt for its broker’s commission alleging that it had procured a ready, willing and able purchaser. Gatt filed a general denial and two affirmative defenses. First, he claimed that at all relevant times he was ready, willing and able to proceed with the closing; and, second, he argued that the purchaser was not ready, willing and able because he chose to avoid the contract. On the broker's motion, Gatt’s second affirmative defense was stricken as being legally insufficient. Ultimately, summary judgment was entered in favor of the broker.
The matters raised by Gatt’s affirmative defense simply denied the facts contained in the broker’s complaint and did not raise any new matters to defeat the complaint. As such, the trial court acted properly in striking the second affirmative defense. Wiggins v. Portmay Corp., 430 So.2d 541 (Fla. 1st DCA 1983); Tropical Exterminators, Inc. v. Murray, 171 So.2d 432 (Fla. 2d DCA), cert. denied, 177 So.2d 475 (Fla.1965). Nonetheless, the denial by the seller, as well as his affidavit in opposition to the summary judgment, placed in issue the question as to whether the purchaser was ready, willing and able. Summary judgment was, therefore, improperly entered.
Reversed and remanded.