COBB, Chief Judge.
Appellant, Lucille Wingate, was a passenger in a vehicle driven by appellees’ decedent. Appellant was injured and the decedent was killed when their vehicle ran off the roadway and into a concrete pillar. Appellant subsequently brought an action in negligence against appellees (the decedent’s estate and the decedent’s automobile liability insurer). Appellees moved for summary judgment on the ground that the accident was caused by an unexpected heart attack which the decedent suffered just prior to the accident. The trial court granted summary judgment and appellant appeals. We affirm.
It is well established that the unforeseeable loss of consciousness while driving is a complete defense to the charge of negligence. Bridges v. Speer, 79 So.2d 679 (Fla.1955); Baker v. Hausman, 68 So.2d 572 (Fla.1953); Gandy v. Outlaw, 417 So.2d 1134 (Fla. 5th DCA 1982); Annot. 93 A.L.R.3d 326 (1979). Appellees presented several affidavits, both from physicians and lay people, which indicated that the decedent had no reason to expect that he would suffer the heart attack that caused him to lose control of the vehicle. Appellant presented no evidence to contradict this; she merely relied on testimony from depositions filed by appellees. Even assuming waiver or inapplicability of the Dead Man’s Statute (section 90.602, Florida Statutes (1983)), the statements allegedly made by the decedent just prior to the accident to the effect that he was not “feeling well” did not raise a genuine issue of material fact. In Baker v. Hausman, supra, the Florida Supreme Court held that a showing that the defendant was not “feeling well” shortly before the accident which caused injury to the plaintiff did not show premonition of an impending stroke. The same should hold true for an impending heart attack.
We note that the trial court may have been mistaken in ruling that as a matter of law the speed of the vehicle did not contribute to the cause of the accident and was “immaterial.” However, this ruling was not challenged by appellant in her briefs to this court, and therefore it is not before us. See Lynch v. Tennyson, 443 So.2d 1017 (Fla. 5th DCA 1983).
AFFIRMED.
UPCHURCH and SHARP, JJ., concur.