844 So.2d 827 (2003)
Dena WILSON, Appellant,
v.
THE KRYSTAL COMPANY, Appellee.
No. 5D02-2499.
District Court of Appeal of Florida, Fifth District.
May 16, 2003.
*828 Richard Prospect, P.A., Port Orange, for Appellant.
Jamie Billotte Moses and Richard W. Smith of Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A., Orlando, for Appellee.
MONACO, J.
This is an appeal brought by Dena Wilson from the denial of a motion for new trial of her negligence action against the appellee, The Krystal Company ("Krystal"). Because we find no abuse of discretion on the part of the trial court, we affirm.
Encapsulated, the testimony indicates that Ms. Wilson blacked out and fell through a plate glass window of a restaurant operated by Krystal. Ms. Wilson alleged that Krystal was negligent in installing plate glass, rather than safety glass, and was, therefore, in violation of various building codes and ordinances. At the time that she fainted Ms. Wilson was dehydrated and her blood sugar was low, as she had nothing to eat or drink since breakfast. She spent much of the day in the hot sun, and a short time before the incident, she felt faint and had to sit down. She chose to sit on a small wall under a canopy near the windows outside of the Krystal restaurant. When she began to feel better, she stood up to continue her activities. She began to feel lightheaded again, and with the aid of her companion tried to return to the area outside of the restaurant. When she neared the restaurant, however, she blacked out and fell through the window, sustaining injuries. Over her objection, the trial court gave a comparative negligence instruction. The jury returned a verdict for Ms. Wilson, but determined that she was 80% negligent. Ms. Wilson's subsequent motion for a new trial was denied.
Although we have found no cases directly on point, after examining other cases in which sudden loss of consciousness is a factor we find no abuse of discretion in the giving of the comparative negligence instruction. It is well-established that if one experiences a sudden loss of consciousness while driving, and the affliction comes with no premonition or warning, the driver is not deemed to be negligent for an accident caused as a result. See, e.g., Bridges v. Speer, 79 So.2d 679 (Fla.1955). If, however, the driver has notice or knowledge of the existence of a physical impairment or condition that may impair the driver's ability to control the automobile, and if the driver is involved in a collision when he or she faints or is otherwise unable to control the vehicle as a result of the physical impairment or condition, a jury may properly conclude that the driver was negligent. See, e.g., Goodis v. Finkelstein, 174 So.2d 600 (Fla. 3d DCA 1965); Malcolm v. Patrick, 147 So.2d 188 (Fla. 2d DCA), cert. denied, 148 So.2d 278 (Fla. 1962). The existence of that notice or knowledge, however, presents an issue for the jury. Indeed, a driver's unsubstantiated affidavit that he had migraines and low blood sugar that must have caused him suddenly to black out does not support a summary judgment, and presents a question for the trier of fact to resolve. See Schurer v. Koch, 741 So.2d 618 (Fla. 2d DCA 1999).
This same theory applies by analogy to the present case. Ms. Wilson failed to eat or drink beyond a sip of a soft drink for *829 an extended time, and spent most of the day in the sun. She became faint and had to sit down. After rising she told her friend that she felt worse, and needed to sit again. As she approached the exterior of the restaurant, she passed out and fell into the window. Based on these facts a jury could properly determine that in the time preceding her injury Ms. Wilson acted negligently, and that her negligence contributed in some part to her eventual injury. We conclude, therefore, that the comparative negligence instruction was appropriately given.
We likewise conclude that there was no error in denying Ms. Wilson's motion for a new trial. A motion for new trial should not be granted "unless no reasonable jury could have reached the verdict rendered." Taylor v. Ganas, 443 So.2d 251, 253 (Fla. 1st DCA 1983). A trial court is given broad discretionary latitude to grant or deny a motion for new trial because of its direct and superior vantage point of the trial proceedings. Pathway Financial v. Miami Intern. Realty Co., 588 So.2d 1000 (Fla. 3d DCA 1991). When a trial court denies such a motion, we review that determination by an abuse of discretion standard. See Brown v. Estate of A.P. Stuckey, 749 So.2d 490, 495 (Fla.1999). Here, Ms. Wilson argues that a new trial is necessary because there was no evidence that would authorize the jury to consider her comparative negligence. As related above, we hold that submission of the issue to the jury was not an abuse of discretion, and accordingly conclude that the trial court did not abuse its discretion in denying the motion for new trial. AFFIRMED.
THOMPSON, C.J., and TORPY, J., concur.