MONACO, J.
The Florida Department of Revenue (“DOR”) appeals from the final summary judgment entered below in favor of the appellees, Tracy and Cassandra Owens. The trial court in its judgment found that the Owens possessed a joint account by the entireties and that DOR was, therefore, precluded from maintaining liens against the account on behalf of three women who were trying to collect child support arrearages from Tracy Owens.
*1031 Generally, if there is the slightest doubt concerning an issue of material fact, a summary judgment should not be entered. Wal-Mart Stores, Inc. v. Tracz, 799 So.2d 413 (Fla. 5th DCA 2001); Besco U.S.A. Int’l Corp. v. Home Sav. of America FSB., 675 So.2d 687 (Fla. 5th DCA 1996). A party moving for summary judgment has the burden of conclusively demonstrating the nonexistence of any genuine issue of material fact. See Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966); City of Cocoa v. Leffler, 762 So.2d 1052 (Fla. 5th DCA 2000). The non-moving party is entitled to all reasonable inferences that may be drawn from the facts before the court. See Richardson v. Wal-Mark Contracting Group, LLC, L.C., 814 So.2d 534 (Fla. 2d DCA 2002). Because there are genuine issues of material fact in the present case, we reverse the summary judgment and remand for further proceedings.
Paragraph 6 of the complaint states that both Tracy and Cassandra Owens contributed funds to the account in question, and paragraph 9 alleges that all funds in that account were exempt from lien because they were joint funds owned by the Owens by the entireties. DOR’s answer specifically denies paragraphs 6 and 9, and prior to the hearing on the motion for summary judgment DOR filed documentary evidence that is directly contradictory to the factual position of Tracy Owens. See Wiggins v. Portmay Corp., 430 So.2d 541 (Fla. 1st DCA 1983). Under the circumstances, therefore, the granting of a summary judgment in favor of Mr. and Mrs. Owens was error.
REVERSED and REMANDED.
THOMPSON, C.J., and ORFINGER, J., concur.