IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ALISHA NOLAN,

      Appellant,

v.

TANNER KALBFLEISCH AND
CHARLES KALBFLEISCH, JR.,

      Appellees.

_____/

Case No. 5D23-283
LT Case No. 16-2013-CA-008616

Opinion filed August 11, 2023

Appeal from the Circuit Court
for Duval County,
Katie L. Dearing, Judge.

John M. Phillips and William K. Walker,
of Phillips & Hunt, Jacksonville, for
Appellant.

Rhonda B. Boggess, of Marks Gray,
P.A., Jacksonville, for Appellees.


JAY, J.

Alleging several errors, Appellant asks us to reverse the trial court's

denial of her motion for new trial in this personal injury case. We fully affirm

the trial court's ruling and write only to address one of Appellant's claims, which concerns comments made by an expert witness.

During his testimony, Dr. Michael Foley, an expert radiologist, alleged that Appellant's counsel violated Dr. Foley's privacy rights by asking about the total annual income he earns as an expert witness. The relevant excerpt from the trial transcript reads:

> Q [Mr. Phillips, for Appellant]: No longer -- well, let's talk about that. You make over a million dollars a year just testifying in the legal medical sphere; fair?
>
> A [Dr. Foley]: I wouldn't be able to answer that.
>
> Q: Why not?
>
> A: Because it violates privacy rights in the [S]tate of Florida. You're not allowed to ask an expert how much he makes. And you just violated that right.
>
> THE COURT: The jury will disregard the witness's last statement -- his last two statements, please.
>
> MR. PHILLIPS: Your Honor, sidebar, please.
>
> (Sidebar conference outside the hearing of the jury as follows:)
>
> MR. PHILLIPS: Your Honor, at this time we're going to move for a mistrial.
>
> THE COURT: Motion is denied. I immediately cured the problem.

There is nothing in the record indicating that the jury failed to follow the curative instruction. *See Roberts v. Dixon*, No. 20-60928-CIV, 2023 WL

2

4019072, at *3 (S.D. Fla. June 15, 2023). To the contrary, jurors are "presumed to follow" the court's instructions. *Carter v. Brown & Williamson Tobacco Corp.*, 778 So. 2d 932, 942 (Fla. 2000). And Appellant did not argue that the instruction was inadequate. By not challenging the sufficiency of the curative instruction, Appellant failed to preserve any adequacy argument for review. *See Cosme-Sella v. State*, 301 So. 3d 254, 255 (Fla. 4th DCA 2020) ("The defendant did not object to the curative instruction's sufficiency, and therefore did not preserve his argument on appeal that the trial court could have improved the curative instruction . . . .").

Moreover, even if Appellant had made a sufficiency argument, there was still no reversible error. A witness's comment warrants a mistrial only when it is prejudicial enough "to vitiate the entire trial." *Hamilton v. State*, 703 So. 2d 1038, 1041 (Fla. 1997). And "because of its direct and superior vantage point," a trial court has "broad discretionary latitude" when deciding whether to grant a motion for new trial. *Wilson v. The Krystal Co.*, 844 So. 2d 827, 829 (Fla. 5th DCA 2003). Here, the court did not abuse that broad discretion when it found that Dr. Foley's isolated remarks about his alleged privacy rights—which had nothing to do with the validity of Appellant's lawsuit and which the court promptly instructed the jury to disregard—failed to justify a new trial. *See Smiley v. State*, 295 So. 3d 156, 169 (Fla. 2020) ("A fleeting,

3

isolated comment like [the witness's] here does not meet the high standard required for a mistrial.").

Because Appellant has not shown that the court abused its discretion in denying her motion for new trial—as to Dr. Foley's comments or any other ground—we affirm the judgment on appeal.[*]

AFFIRMED.

MAKAR and MACIVER, JJ., concur.

---

[*] We also provisionally grant Appellees' motion for appellate attorney's fees and remand that matter to the trial court. *See Joyner v. Int'l Real Est. Grp., Inc.*, 937 So. 2d 259, 259–60 (Fla. 5th DCA 2006).