DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

PUBLIX SUPER MARKETS, INC.,

Appellant,

v.

CHRISTOPHER LEVI,

Appellee.

No. 2D2024-0434

_____

December 13, 2024

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Pinellas County; Amy M. Williams, Judge.

Diane G. DeWolf and Nancy M. Wallace of Akerman LLP, Tallahassee, for Appellant.

Robert S. Jones, II, and Heath C. Murphy of Jones Law Group, St. Petersburg, for Appellee.

ROTHSTEIN-YOUAKIM, Judge.

Publix Super Markets, Inc., appeals from a nonfinal order permitting Christopher Levi to assert a claim for punitive damages. We have jurisdiction.[1] Because Levi failed to make a reasonable showing of gross negligence by Publix, we reverse that order.

Levi, a sales representative for Pepsi, sued Publix for premises liability and negligence after one of its display shelves, known as an "end cap," fell on him. Right before that end cap fell, Levi had removed all of

_____
[1] Fla. R. App. P. 9.030(b)(1)(B).

the product from its bottom shelf while leaving its four higher shelves fully stocked with twelve-packs of soda.

Levi sought leave to assert a claim for punitive damages on grounds that Publix had been grossly negligent in failing to anchor the end cap or to warn its invitees of the end cap's dangerous condition. In support of his motion, Levi filed the deposition transcript of Samir Tatarevic, the manager of the store where the incident had occurred.[2] Tatarevic testified that there had never been any maintenance or safety issues involving that end cap but that he nonetheless recommends to all of his store's vendors that they avoid unstocking end caps bottom-first. The trial court granted Levi's motion. Publix now appeals.

We review de novo an order granting a motion for leave to add a claim of punitive damages. *See Greenspire Glob., Inc. v. Sarasota Green Grp., LLC*, 363 So. 3d 1150, 1151 (Fla. 2d DCA 2023). "[P]unitive damages are reserved for anomalously transgressive conduct that is 'outrageous in character' and 'extreme in degree.' " *CCP Harbour Island, LLC v. Manor at Harbour Island, LLC*, 373 So. 3d 18, 31 (Fla. 2d DCA 2023) (quoting *Cleveland Clinic Fla. Health Sys. Nonprofit Corp. v. Oriolo*, 357 So. 3d 703, 706 (Fla. 4th DCA 2023)). Section 768.72, Florida Statutes (2023), thus limits claims for punitive damages to instances where "there is a reasonable showing by evidence in the record or proffered by the claimant . . . that the defendant 'was personally guilty of intentional misconduct or gross negligence.' " *Wiendl v. Wiendl*, 371 So. 3d 964, 966–67 (Fla. 2d DCA 2023) (quoting § 768.72(1), (2), Fla. Stat. (2022)). Because Levi's suit sounded in negligence, we examine only whether he has made a reasonable showing that Publix was grossly

_____

[2] Levi also filed his own affidavit, the store video of the incident, and video of an unsteady end cap at a different Publix location.

2

negligent. *Cf. CCP Harbour Island, LLC*, 373 So. 3d at 28 ("Because Manor seeks to recover punitive damages for intentional torts, it must show intentional misconduct; gross negligence would not suffice.")

" 'Gross negligence' means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct." § 768.72(2)(b). For conduct to rise to the level of gross negligence, it is not enough to show that the defendant knew injury *might* result from his or her conduct or that a dangerous condition was *somewhat possible*. *Hosp. Specialists, P.A. v. Deen*, 373 So. 3d 1283, 1290 (Fla. 5th DCA 2023) ("It is not enough that such a result *could* or *might* occur."). Rather, a plaintiff must reasonably show that a reasonable, prudent person in the defendant's shoes would have known that the conduct "would *probably* and *most likely* result in injury to persons or property." *Bridges v. Speer*, 79 So. 2d 679, 682 (Fla. 1955) (emphasis added); *see also Eller v. Shova*, 630 So. 2d 537, 541 n.3 (Fla. 1993) ("Gross negligence . . . is defined as an act or omission that a reasonable, prudent person would know is likely to result in injury to another." (citing *Glaab v. Caudill*, 236 So. 2d 180 (Fla. 2d DCA 1970))). Contrastingly, "simple negligence is that course of conduct which a reasonable and prudent [person] would know *might* possibly result in injury to persons." *Carraway v. Revell*, 116 So. 2d 16, 22 (Fla. 1959) (quoting *Bridges*, 79 So. 2d at 682).

Here, Tatarevic's deposition testimony established that there had never been any incident or complaint involving that end cap or any other indication that it might be unstable. Moreover, none of Levi's evidence even suggested that Publix had known of other end caps that had fallen over or become unstable when loaded or unloaded in such a way as to

3

make them top-heavy.  Although Levi hangs his hat on evidence that Tatarevic routinely recommends that vendors avoid unstocking end caps bottom-first, such a recommendation, without more, suggests at the very most that Publix knew it was *possible*—not *probable*—that top-heavy end caps could fall over.  Accordingly, Levi failed to reasonably show that Publix had been grossly negligent.[3]  *See Hosp. Specialists, P.A.*, 373 So. 3d at 1290 ("[E]ven if there were sufficient evidence to demonstrate that Dr. Khan knew or intended that Lancaster would treat Deen outside the scope of Lancaster's practice without first consulting him, the evidence would have to further demonstrate that Dr. Khan knew that there was a high probability that additional injury or damage would result to Deen. It is not enough that such a result *could* or *might* occur."); *Marder v. Mueller*, 358 So. 3d 1242, 1246 (Fla. 4th DCA 2023) ("Patient did not proffer anything to suggest that Doctor knew his treatment plan for Patient was unnecessary or likely to cause serious injury to her sufficient to convert her allegations into a claim for punitive damages."); *cf. Est. of Despain v. Avante Grp., Inc.*, 900 So. 2d 637, 644 (Fla. 5th DCA 2005) (concluding that plaintiff in wrongful death suit had made a reasonable showing of gross negligence where proffer established "that the nursing staff knew that the decedent was at risk for weight loss, dehydration and malnutrition and was also informed that the decedent had difficulty swallowing and eating"); *Holmes v. Bridgestone/Firestone, Inc.*, 891 So. 2d 1188, 1190–92 (Fla. 4th DCA 2005) (concluding that plaintiff bringing claim of failure to warn of known defect had made a reasonable showing of gross negligence where plaintiff had submitted memoranda showing

---

[3] Because Levi has failed to make the requisite showing regardless of whether Tatarevic testified as Publix's corporate representative, we need not resolve that issue for purposes of this nonfinal appeal.

4

that defendant "knew about the tread separation problem long before the tires were recalled"). We therefore reverse the order under review and remand for further proceedings.

Reversed and remanded.

VILLANTI and BLACK, JJ., Concur.

_____

Opinion subject to revision prior to official publication.